IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOU HAMDAN ANIS WALID | : | |
| | : | Civil No. 4:CV-05-0517 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| U.S. IMMIGRATION AND | : | A 73 017 683 |
| CUSTOMS ENFORCEMENT | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

June 21, 2005

**BACKGROUND:**

On March 2, 2005, petitioner Bou Hamdan Anis Walid filed a "motion for

emergency stay of deportation." The court denied that motion and directed Walid

to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, see No. 4:CV-

05-0447. The § 2241 petition Walid filed on March 14, 2005 is nearly identical to

the motion he filed on March 2.

In short, on March 3, 1995, an IJ found that Walid overstayed his visa and

afforded Walid the option to voluntarily depart the United States within seven

months from the date of the IJ's order, or alter his status.  Evidently, petitioner

faces removal because, although he claims he successfully filed his I-130 form, he

1

neglected to ensure that an immigration judge (IJ) was made aware that Walid successfully altered his status.  Because Walid failed to comply with the IJ's order and leave the United States, the order granting voluntary departure became a final order of removal. 8 CFR § 1241.1(f); see Eremenko v. Ashcroft, 75 Fed. Appx. 882, 884 (3d Cir. 2003).

Walid recently hired an attorney to try to reopen his case, but an IJ denied his request on November 15, 2004.  Walid was subsequently taken into custody on January 14, 2005 by the U.S. Immigration and Customs Enforcement (ICE), and detained at York County, Pennsylvania.  Walid did not appeal the denial of his motion to reopen to the BIA until March 14, 2005.[1]  On May 12, 2005, the BIA dismissed Walid's appeal as untimely.  (Rec. Doc. No. 11, Ex. A.)  Walid's appeal was not perfected within the requisite 30-days from the IJ's order.

On March 17, 2005, we denied Walid's request for a stay of removal. Nevertheless, we directed the government to show cause why a writ should not be granted, in order for the court  to rule properly on his petition.  We will now deny his petition and to the extent his petition challenges the underlying IJ's March 2, 1995 order for voluntary departure, which later became a final order of removal, we will transfer that portion of the petition to the United States Court of Appeals for

---

[1]Walid had previously filed a defective Notice of Appeal on March 1, 2005.

the Seventh Circuit.  We transfer the case to the Seventh Circuit because Walid's

underlying final order of removal stemmed from his failure to comply with IJ James

R. Fujimoto's order for voluntary departure by October 3, 1995 which was entered

in Chicago, Illinois.  (Rec. Doc. No. 11, Ex. B.)[2]  That order included an alternate

order for deportation to Lebanon.  (Id.)

**DISCUSSION:**

Walid contends in his petition that his removal from the United States will

violate his right to due process and that he received ineffective assistance of

counsel during his removal proceedings.  Walid also appears to challenge the IJ's

November 15, 2004 denial of his motion to reopen his immigration proceedings.

I.  Partial Transfer of Walid's Petition to the<br>United States Court of Appeals for the Seventh Circuit

---

[2]There is a remote possibility that the partial transfer of Walid's petition should be heard before the Sixth Circuit.  On March 3, 1995 Walid appeared via satellite before an IJ.  Walid contends in his petition that this was before an IJ in Detroit, Michigan.  Consistent with this claim, Walid's attorney filed the November 15, 2004 motion to reopen his proceedings before an IJ in Detroit.  More convincingly, however is the memorandum of the IJ's oral decision which indicates the March 3, 1995 decision was entered by IJ James. R. Fujimoto in Chicago, Illinois.  To further complicate the matter, the BIA automated hotline indicates that the IJ's decision was entered in Cleveland, Ohio.  Because of the memorandum, we hypothesize that Walid is incorrect about the location of the IJ that entered the order for voluntary departure, and that Walid physically appeared in Cleveland and appeared via satellite before the IJ in Chicago.

On May 11, 2005, President George W. Bush signed into law the Real ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.  Section 106 of the Real ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means for judicial review of an order of removal shall be by petition for review in the applicable court of appeals, i.e., the court of appeals where the immigration judge issued the final order of removal. The effective date for the amendment was May 11, 2005.  As part of the Act, Congress included transitional rules that require a district court to transfer any pending petition (or the portion of the petition relating to removal) to the applicable court of appeals.  Real ID Act of 2005 § 106(c), H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.  Therefore, to the extent Walid's petition challenges the underlying IJ's order for voluntary departure, which now serves as the basis for his removal, Walid's petition is transferred to the United States Court of Appeals for the Seventh Circuit.

## II.  Walid's Remaining Claim that He is Entitled to Reopen Immigration Proceedings is Dismissed

Walid contends in his petition that he received an approved Petition for Alien Relative, Form I-130, and that this qualifies him to reopen his immigration proceedings and annuls the March 3, 1995 voluntary departure order.  Walid, while

represented by counsel, did not timely appeal the IJ's November 15, 2004 decision

denying his motion to reopen immigration proceedings.  The IJ's November 15,

2004 decision noted that Walid's motion was not timely under 8 CFR 1003.23(b).

(Rec. Doc. No. 7, Ex. C.)  The IJ reasoned that the motion was filed more than 90

days after the administrative final order.  (Id.)  The IJ also noted that Walid filed his

motion well after he reached legal majority.  (Id.)

Walid did not appeal the IJ's denial of his motion until March 14, 2005, the

same date he filed the instant petition, and like his initial motion to reopen, his

appeal was untimely under administrative regulations.  (Rec. Doc. No. 11, Ex. A.)

Walid states in his traverse brief that he filed his appeal to the BIA pro se.  (Rec.

Doc. No. 11, at 3, ¶ 6.)  Walid sought in conjunction with his appeal a request to

file an untimely appeal.  In his effort to pursue appeal by certification, Walid

asserted that his counsel failed to submit a timely appeal on behalf of Walid

because of a fee dispute. (Rec. Doc. No. 11, Ex. A.)  The BIA found that this

factor did not excuse Walid's delay.  (Id.)

Walid failed to timely exhaust his administrative remedies.  An alien's failure

to timely appeal an IJ's decision to deny a motion to reopen is a failure on the

alien's part to exhaust administrative remedies.  Bejar v. Ashcroft, 324 F.3d 127,

132 (3d Cir. 2003). Walid's own inaction in taking an untimely appeal has left him

5

without an avenue for review of the IJ's denial.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The clerk is directed to transfer the portion of the petition challenging

Walid's removal to the United States Court of Appeals for the Seventh Circuit.

2.  The remaining claims in Walid's petition are dismissed.

3.  Therefore, this order disposes of the remaining portion of Walid's

petition and closes this case file in the Middle District of Pennsylvania.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge